UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER N. HERNANDEZ, | ) |
| Petitioner, | ) |
| v. | ) No. 3:21-cv-00584 |
| | ) JUDGE RICHARDSON |
| KEVIN GENOVESE, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Christopher Hernandez, an inmate of the Northwest Correctional Complex in Tiptonville, Tennessee, filed a pro se Petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2017 convictions and sentence for rape of a child, aggravated battery, and solicitation of a minor. (Doc. No. 1.) The Respondent, Warden Kevin Genovese, filed the state court record (Doc. Nos. 14, 17) and an answer urging dismissal (Doc. No. 21). The Petition is ripe for review, and the Court has jurisdiction pursuant to 28 U.S.C. § 2241(d). Having fully considered the record, the court finds that an evidentiary hearing is not needed, and the Petition may be resolved "as law and justice require." 28 U.S.C. § 2243; *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). For the following reasons, Petitioner is not entitled to habeas relief.

## I. PROCEDURAL HISTORY

Petitioner went to trial on multiple counts of sex crimes involving a minor. *Hernandez v. State*, No. M2019-01160-CCA-R3-PC, 2020 WL 7023899, at *1 (Tenn. Crim. App. Nov. 30, 2020), *perm. appeal denied*, (Tenn. Apr. 7, 2021). After a mistrial was declared, the state retried Petitioner, resulting in convictions on nine counts of rape of a child, two counts of aggravated sexual battery, and one count of solicitation of a minor. *Id.*; (Doc. No. 17-11). In lieu of sentencing

and in exchange for waiving a direct appeal, Petitioner agreed to serve twenty years of imprisonment. *Hernandez*, 2020 WL 7023899, at *1; (Doc. Nos. 14-1 at 24; 17-12). On December 8, 2017, Petitioner filed a petition for post-conviction relief arguing double jeopardy and ineffective assistance of counsel. *Hernandez*, 2020 WL 7023899, at *1; (Doc. No. 14-1 at 3-22). The post-conviction court appointed counsel (Doc. No. 14-1 at 23), held an evidentiary hearing (Doc. Nos. 14-3 to 14-5), and denied relief. (Doc. Nos. 14-1 at 26-32). On appeal to the Tennessee Court of Criminal Appeals ("TCCA"), Petitioner asserted that trial counsel was ineffective on grounds that: (1) he failed to adequately prepare for the case and consult with witnesses; (2) he failed to object to impermissible jurors; (3) he failed to retain a medical expert or obtain relevant medical records; (4) he erroneously advised Petitioner that he could prevail at trial and need not accept a guilty plea; and (5) cumulative errors rendered his representation ineffective. (Doc. No. 14-6.) On November 30, 2020, the TCCA affirmed. *Hernandez*, 2020 WL 7023899, at *1-5. On April 7, 2021, the Tennessee Supreme Court denied discretionary review. (Doc. No. 14-11.) On March 23, 2021, Petitioner timely submitted a federal habeas corpus petition (Doc. No. 1), to which Respondent filed an answer. (Doc. No. 21.)

## II. STANDARD OF REVIEW

1. <u>Standards for Habeas Relief, Generally</u>

A federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Cassano v. Shoop*, 1 F.4th 458, 465 (6th Cir. 2021) (citing *Woodford v. Garceau*, 538 U.S. 202, 210 (2003)). AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford*, 538 U.S. at 206 (internal citations and quotation marks omitted). It "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal

justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring)). Under AEDPA, "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system," *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003), and state courts are considered "adequate forums for the vindication of federal rights." *Burt v. Titlow*, 571 U.S. 12, 19 (2013); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) (explaining that AEDPA "demands that state-court decisions be given the benefit of the doubt") (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citations omitted); 28 U.S.C. § 2254(a). AEDPA further restricts federal courts from providing relief on habeas claims that were previously "adjudicated on the merits" in the state courts unless the state-court adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Cassano*, 1 F.4th at 466 (quoting 28 U.S.C. § 2254(d)); *Harrington*, 562 U.S. at 100. The focus is on the adjudication by the *highest* state court to make the relevant decision.[1] *See Franklin v. Bradshaw*, No. 3:04-CV-187, 2009 WL 649581, at *39 (S.D. Ohio Mar. 9, 2009), *aff'd*, 695 F.3d 439 (6th Cir. 2012) ("[T]he federal court must determine whether the highest state court to address the matter rendered a decision that was contrary to or an unreasonable application of federal law, or was based on an unreasonable

---

[1] In the instant case, that means the TCCA. References herein to what was done by the "state courts" (plural) in resolving the relevant issues in Petitioner's case ultimately is a reference to what was done by the highest of the state courts involved, i.e., the TTCA.

determination of the facts presented at trial. The focus of a federal habeas corpus court, then, is primarily on the reasonableness of the highest state court's decision." (citation omitted)); *King v. Bell*, 392 F. Supp. 2d 964, 992 (M.D. Tenn. 2005) (focusing on "the highest state court decision" regarding the petitioner's ineffective-assistance-of-counsel claim).

"Under the 'contrary to' clause, a federal habeas court may grant the writ 'if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Lang v. Bobby*, 889 F.3d 803, 810 (6th Cir. 2018) (quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies the law or bases its decision on an unreasonable determination of the facts, in light of the record before the state court." *Id*. (citing *Harrington*, 562 U.S. at 100; *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). An incorrect or erroneous application of clearly established federal law is not the same as an unreasonable one; "relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *Carter v. Mitchell*, 829 F.3d 455, 468 (6th Cir. 2016) (quoting *White v. Woodall*, 572 U.S. 415, 427 (2014)); *Harrington*, 562 U.S. at 103. Likewise, a state court decision involves an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not have support in the record." *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007) (quoting 28 U.S.C. § 2254(e)(1)); *Ayers v. Hudson*, 623 F.3d 301, 308 (6th Cir. 2010) (citing *Miller-El*, 537 U.S. at 340).

2. <u>Exhaustion and Procedural Default</u>

Before a federal court may review the merits of a Section 2254 habeas claim, the petitioner must have "exhausted the remedies available in the courts of the State" 28 U.S.C. § 2254(b)(1)(A); *Harrington*, 562 U.S. at 103. To properly exhaust a claim, a petitioner must "fairly present[ ]" it through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (quoting *Picard v. Connor*, 404 U.S. 270, 277 (1971)) (explaining that a habeas petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim). In Tennessee, a petitioner is "deemed to have exhausted all available state remedies for [a] claim" when it is presented to the Tennessee Court of Criminal Appeals ("TCCA"). *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. Sup. Ct. R. 39). For each claim, a petitioner must then present to a federal court essentially the same facts and legal theory that were considered and rejected by the state courts. *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002) (citing *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)). The burden is on a petitioner to demonstrate compliance with the exhaustion requirement for each claim or that the available state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The exhaustion requirement works together with the procedural-default doctrine, which generally bars federal habeas review of claims that were procedurally defaulted in the state courts. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); *O'Sullivan*, 526 U.S. at 848. A petitioner procedurally defaults a claim when he fails to properly exhaust available remedies and can no longer do so because state procedural rules have closed off any avenue for state court review on the merits. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015) (citing *Jones v. Bagley*, 696 F.3d 475, 483–84 (6th Cir. 2012)). Procedural default also occurs where the state court "actually . . .

relied on [a state] procedural bar as an independent basis for its disposition" of a claim. *Cadwell v. Mississippi*, 472 U.S. 320, 327 (1985).

To overcome a procedural default on a claim, a petitioner must show what the Court will call "default-cause," i.e., "good cause for the default and actual prejudice from the claimed error." *Benton v. Brewer*, 942 F.3d 305, 307 (6th Cir. 2019) (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)); *Sutton v. Carpenter*, 745 F.3d 787, 790 (6th Cir. 2014) (citing *Coleman*, 501 U.S. at 754). A petitioner must establish default-cause by "show[ing] that some objective factor external to the defense"—i.e., a factor that "cannot be fairly attributed to" the petitioner—"impeded counsel's efforts to comply with the State's procedural rule." *Davila*, 137 S. Ct. at 2065 (citations omitted). A factor is "external to the defense" if it "cannot fairly be attributed to" the prisoner. *Id*. For example, "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that 'some interference by officials' . . . made compliance impracticable, would constitute [default-]cause under this standard." *Coleman*, 501 U.S. at 753 (quoting *Murray*, 477 U.S. at 488). Attorney error does not constitute default-cause unless it amounts to constitutionally ineffective assistance of counsel. *Edwards*, 529 U.S. at 451-52; *Benton*, 942 F.3d at 307-08. And importantly, a claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used on federal habeas review to establish default-cause.[2] *Murray*, 477 U.S. at 489.

Ineffective assistance of *post-conviction* counsel may constitute default-cause under two circumstances. First, the complete abandonment (of the representation) by counsel during state post-conviction proceedings without notice to the petitioner may establish default-cause. *Maples*

---

[2] If the ineffective-assistance claim is not presented to the state courts in the manner that state law requires, that claim is itself procedurally defaulted and can be used as cause for the underlying defaulted claim only if the petitioner demonstrates cause and prejudice with respect to the ineffective-assistance claim. *Edwards*, 529 U.S. at 452-53.

*v. Thomas*, 565 U.S. 266, 288-89 (2012). Second, ineffective assistance of post-conviction counsel may establish default-cause regarding substantial claims of ineffective assistance of trial counsel (but not other kinds of claims). *Martinez v. Ryan*, 566 U.S. 1, 17 (2012); *Trevino v. Thaler*, 569 U.S. 413, 429 (2013); *see also Sutton*, 745 F.3d at 792 (holding that *Martinez* and *Trevino* apply in Tennessee).

If default-cause is established, a petitioner must also demonstrate actual prejudice. To do so, a petitioner must demonstrate that the constitutional error "worked to his *actual* and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). This means that "a petitioner must show not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Garcia-Dorantes v. Warren*, 801 F.3d 584, 598 (6th Cir. 2015); *Frady*, 465 U.S. at 170. In the alternative, a court may bypass these requirements if a petitioner presents an "extraordinary case" whereby a constitutional violation "probably resulted" in the conviction of someone who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004); *Benton*, 942 F.3d at 307.

### III. ANALYSIS

Petitioner contends that trial counsel rendered constitutionally ineffective assistance of counsel by (1) failing to consult with and retain a medical expert for trial; (2) failing to adequately prepare Petitioner for the second trial by only meeting with Petitioner twice; (3) failing to adequately prepare for trial due to work on an unrelated case; and (4) coercing Petitioner to accept a twenty-year negotiated sentence. (Doc. No. 1-1 at 8.)

1. <u>Legal Standards for Ineffective Assistance of Counsel Claims</u>

The Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, guarantees the right of a person accused of a crime to the effective assistance of counsel. To succeed on a claim of constitutionally ineffective assistance of counsel, a petitioner "must show both deficient performance by counsel and prejudice." *Premo v. Moore*, 562 U.S. 115, 121 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 121 (2009) and citing *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984)); *see also Bell v. Cone*, 535 U.S. 685, 694-95 (2002). These dual requirements mean that, although reasonable attorneys may disagree on the appropriate strategy for defending a client, the constitution is violated only where counsel's performance is "so thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc)); *see also Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004). A court may address performance and prejudice in any order and end the inquiry if one requirement is not met. *Strickland*, 466 U.S. at 697.

Trial counsel's performance is constitutionally deficient when it falls below an objective standard of reasonableness measured by prevailing professional norms. *Strickland*, 466 U.S. at 686-87; *Richardson v. Palmer*, 941 F.3d 838, 856 (6th Cir. 2019); *Bigelow*, 367 F.3d at 570. When evaluating performance, a court must be "highly deferential," consider the totality of evidence, and apply a "strong presumption" that trial counsel's conduct falls within a "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 695; *Harrington*, 562 U.S. at 104. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete

investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91.

Importantly, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989) (quoting *Strickland*, 466 U.S. at 691). Thus, the prejudice element requires a petitioner to show that there is a "reasonable probability" that the result of the trial would have been different but for counsel's unprofessional errors. *Premo*, 562 U.S. at 122 (citing *Harrington*, 562 U.S. at 104-05); *Strickland*, 466 U.S. at 694; *Bigelow*, 367 F.3d at 570. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. This does not require a showing that counsel's actions "more likely than not altered the outcome," but "the likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112 (quoting *Strickland*, 466 U.S. at 693, 697); *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). In reaching this conclusion, a court considers whether the result of the trial was "fundamentally unfair or unreliable," *Bigelow*, 367 F.3d at 570 (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)), or "infect[ed] . . . with error of constitutional dimensions." *Richardson*, 941 F.3d at 856 (quoting *Murray*, 477 U.S. at 494).

Additionally, due to the restrictive scope of review under AEDPA, *see Cassano*, 1 F.4th at 466 (quoting 28 U.S.C. § 2254(d)), "[t]he pivotal question" on federal habeas review is not simply whether the *Strickland* standard was satisfied, but rather "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101. As the Supreme Court has emphasized:

> This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry,

> the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of [Section] 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.' A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Id.* (quoting *Williams*, 529 U.S. at 410) (emphasis in original); *see also Burt*, 571 U.S. at 15 (explaining that habeas review of ineffective assistance of counsel "gives both the state court and the defense attorney the benefit of the doubt") (quoting *Pinholster*, 563 U.S. at 190). Thus, a state court's determination that an ineffective assistance of counsel claim lacks merit under *Strickland* "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 652 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Here, the TCCA correctly enunciated and relied upon the *Strickland* standard. *Hernandez*, 2020 WL 7023899, at *4. Thus, the question for this Court is whether fairminded jurists could disagree on the correctness of the TCCA's decision—or whether, instead, all fairminded jurists would be compelled to agree that the TCCA's decision was incorrect.

2. <u>Claim One: Trial counsel was constitutionally ineffective by failing to consult with and retain a medical expert for trial</u>.

Petitioner first claims that he received ineffective assistance when trial counsel failed to consult with and retain a medical expert for testimony at trial. Petitioner asserts that a medical expert "could have evaluated the medical evidence against Petitioner in regard to the minor victim's alleged claims or [sic] rape and sexual assault." (Doc. No. 1-1.) In denying this claim, the TCCA found that Petitioner failed "to present the testimony of a medical expert or the records that he claims would have benefited his defense" and thus did not "show what additional evidence

counsel could have discovered with further investigation." *Hernandez*, 2020 WL 7023899, at *4 (internal citations omitted).

Petitioner has not shown that he is entitled to relief on this claim, because the state courts' resolution of this issue was not contrary to *Strickland* inasmuch as the TTCA did apply the governing law (*Strickland*) set forth by the Supreme Court and there is no reason to believe that the TCCA decided Petitioner's case differently than the Supreme Court has done on a set of materially indistinguishable facts. Nor was the state courts' resolution based on an unreasonable determination of the facts or an unreasonable application of *Strickland* to those facts. "[D]eciding which witnesses to present at trial is a matter of strategy." *Yancey v. Haas*, 742 F. App'x 980, 984 (6th Cir. 2018) (citations omitted). Thus, Petitioner "must overcome the presumption that" trial counsel's decision not to call a medical expert "might be considered sound trial strategy." *Strickland*, 688 U.S. at 689 (citing *Michel*, 350 U.S. at 101). He has made no effort to do so. Moreover, trial counsel testified at the post-conviction hearing that it would have been "pointless" to call a medical expert because he was able, as a matter of trial strategy, to achieve the same goal through cross-examination of the state's expert certified nurse practitioner, Hollye Galleon. (Doc. No. 14-3 at 29-30.) The record bears this out. Trial counsel cross-examined Galleon by, among other things, raising the lack of physical trauma to the victim; questioning whether the "size of the traumatic force [is] important in terms of whether or not it's going to leave some type of permanent damage"; and eliciting the concession that it was "highly likely that there would be physical findings" resulting from repeated penetration by an eight-inch erect penis. (Doc. No. 17-6 at 227-43). Thus, the record reflects that trial counsel understood the importance of physical trauma (or the lack thereof) and made a "virtually unchallengeable" strategic decision regarding how best to raise it before the jury. *Strickland*, 466 U.S. at 690-91. Petitioner has offered no basis to conclude

that trial counsel's cross-examination strategy did not fall within "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see also Burt*, 571 U.S. at 23 ("Counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.") (internal quotation marks and citation omitted). Thus, the TCCA reasonably concluded that there was no deficient performance.

In addition, Petitioner has not established prejudice. No Supreme Court decision holds that a state court must speculate or consider hearsay when deciding a claim of ineffective assistance of counsel. *Stewart v. Wolfenbarger*, 468 F.3d 338, 353 (6th Cir. 2006). Here, Petitioner did not (and does not) offer a reason to suggest that, had trial counsel called a medical expert, the evidence— let alone the outcome of the trial—would have been different. Because Petitioner has "offered no evidence . . . to prove what the content of [a medical expert's] testimony would have been; *a fortiori*, he cannot show that he was prejudiced by its omission." *Clark v. Waller*, 490 F.3d 551, 557 (6th Cir. 2007) (citing *Wolfenbarger*, 468 F.3d at 353); *see also Watts v. Nagy*, No. 18-1394, 2018 WL 4846700, at *4 (6th Cir. July 25, 2018) (citing *Clark* and *Wolfenbarger* and finding no prejudice resulting from trial counsel's failure to call several witnesses because the petitioner merely speculated and offered no evidence regarding how the witnesses would actually testify); *Moreland v. Bradshaw*, 635 F. Supp. 2d 680, 712 (S.D. Ohio 2009) (holding that a petitioner's failure to present evidence that his counsel would have found an expert or that the expert's "testimony would have benefitted" him is "fatal to any attempt to establish that but for counsel's alleged deficiencies, the results of the proceedings would have been different"). Accordingly, Petitioner is not entitled to relief on this claim.

3. <u>Claims Two and Three: Trial counsel was constitutionally ineffective by failing adequately prepare for the second trial.</u>

Petitioner next asserts that trial counsel failed to adequately prepare for the second trial because he (1) met with Petitioner only twice (Claim Two), and (2) was busy with work on an unrelated rape case (Claim 3). As a threshold matter, Petitioner did not raise Claim Three before the TCCA. A petitioner does not exhaust his state remedies for all ineffective assistance of counsel claims if the state courts are presented with only one aspect of counsel's performance. *Pillette v. Foltz*, 824 F.2d 494, 497-98 (6th Cir. 1987). Because Petitioner has not fully and fairly presented to the state courts the issue of trial counsel's work on a competing case, and a state procedural rule prohibits the state court from extending further consideration to the claims, *In re Hall*, 795 F. App'x 943, 944 (6th Cir. 2019), the claims are deemed exhausted (since there is no "available" state remedy) but procedurally defaulted from federal habeas review. *Coleman*, 501 U.S. at 752-53; *Atkins*, 792 F.3d at 657. Thus, federal habeas review of this claim is barred unless Petitioner can demonstrate default-cause and prejudice or a fundamental miscarriage of justice. *Benton*, 942 F.3d at 307; *Dretke*, 541 U.S. at 392. Here, Petitioner offers no reason to excuse the procedural default, and the Court can discern none.[3] Accordingly, Petitioner is not entitled to relief on Claim Three.

Claim Two was presented to the TCCA, which denied relief based on *Strickland's* deficient-performance prong by relying on "accredited trial counsel's testimony that he was prepared for trial." *Hernandez*, 2020 WL 7023899, at *4. The Petition asserts that "trial counsel only met with Petitioner twice before the second trial," but it does not discuss how the TCCA's

---

[3] Petitioner cannot rely on *Martinez* because the default occurred on post-conviction appeal. *See Middlebrooks v. Carpenter*, 843 F.3d 1127, 1136 (6th Cir. 2016). ("Significantly, the *Martinez-Trevino* exception does not apply to save procedural defaults that occur in appeals from initial-review collateral proceedings.").

determination contradicted, or involved an unreasonable application of, *Strickland*, or was based on an unreasonable determination of the facts. (*See* Doc. No. 1-1.) "Conclusory and perfunctory" claims of ineffective assistance of counsel "are insufficient to overcome the presumption of reasonable professional assistance and are insufficient to warrant habeas relief." *Avery v. Genovese*, No. 3:17-cv-255, 2020 WL 107100, at *6 (M.D. Tenn. Jan. 9, 2020) (quoting *Wogenstahl v. Mitchell*, 668 F.3d 307, 335-36, 338 (6th Cir. 2012)); *see also Jones v. Michigan*, No. 13-cv-11543, 2013 WL 3243017, at *2 (E.D. Mich. June 26, 2013) ("Conclusory allegations do not provide a basis for habeas relief.") (citing *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998)); *Taylor v. Culliver*, No. 4:09-cv-251, 2012 WL 4479151, at *78 n.94 (N.D. Ala. Sept. 26, 2012) (denying relief on claims that contained only "bare citations to" the Constitution and "no support for his argument that the state court decision" ran afoul of § 2254(d)(1)), *aff'd*, 638 F. App'x 809 (11th Cir. 2015).

Even if the Court were to consider Petitioner's bare assertion, it would be to no avail. At the post-conviction hearing, trial counsel testified that he was "very well prepared for" the second trial; that he gave Petitioner "100 percent, if anything, [his] best ability" during his representation; that he visited Petitioner "at the jail whenever he asked me to"; that he "talked again to everybody before the second trial"; that he "did everything [Petitioner] asked [counsel] to do"; that Petitioner had "100 percent confidence in [counsel]"; and that, despite a new prosecution strategy, counsel "presented in just an effective manner in the second trial." (Doc. No. 14-3 at 12, 15, 18-19). Trial counsel also testified that Petitioner did not express any concerns about his performance in the time period between the first trial and the second trial. *Id*. at 19. Petitioner does not challenge this testimony by clear and convincing (or indeed any) evidence. Thus, the TCCA's factual determination that trial counsel was prepared is presumed reasonable. *See Pouncy v. Palmer*, 846

F.3d 144, 158 (6th Cir. 2017) (state court's factual findings are unreasonable where they are "rebutted by clear and convincing evidence and do not have support in the record"); *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007) ("A state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding' only if it is shown that the state court's presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not have support in the record."). In light of this unrebutted evidence, Petitioner offers no basis to conclude that the TCCA erred in finding that trial counsel's preparation for the second trial fell within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see also Burt*, 571 U.S. at 23. Petitioner is therefore not entitled to relief on this claim.

3. <u>Claim Four: Trial counsel coerced Petitioner to accept the twenty-year negotiated sentence</u>.

Finally, Petitioner alleges that trial counsel provided ineffective assistance when he "coerced Petitioner to agree to a 20 year sentence, by incorrectly telling him that if he didn't accept the negotiated sentence, he would likely be sentenced to 100 years in prison." (Doc. No. 1-1 at 8.) Although Petitioner raised this issue in the post-conviction court (Doc. No. 14-1 at 20), he abandoned it on appeal to the TCCA. (*See* Doc. No. 14-6.) Thus, Petitioner has not fully and fairly presented the issue of coercion regarding the negotiated sentence to the state courts. Because a state procedural rule prohibits the state court from extending further consideration to the claims, *In re Hall*, 795 F. App'x at 944, Claim Four is deemed exhausted but procedurally defaulted from federal habeas review. *Coleman*, 501 U.S. at 752-53; *Atkins*, 792 F.3d at 657. Petitioner makes no attempt to demonstrate default-cause, prejudice, or a fundamental miscarriage of justice.[4] *Benton*,

---

[4] As with Claim Three, *Martinez* is inapplicable to Claim Four.

942 F.3d at 307; *Dretke*, 541 U.S. at 392. And the Court can discern none.[5] Accordingly, Petitioner is not entitled to relief on Claim Four.

## IV. CONCLUSION

For the reasons set forth herein, Petitioner is not entitled to relief on any of his habeas claims. Accordingly, the Petition under Section 2254 will be denied, and this action will be dismissed with prejudice. Because jurists of reason could not disagree with the Court's resolution of Petitioner's claims, the Court will deny a certificate of appealability.

An appropriate order will enter.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that, in any event, this claim is meritless. Trial counsel testified that Petitioner legitimately faced "consecutive sentencing" in light of the "egregious nature of the offenses," and he "could be looking at the rest of his life in prison." (Doc. No. 14-3 at 13.) Trial counsel further testified that he worked with Petitioner to reach a settlement agreement, and that Petitioner "made a fully informed decision knowing what the options were." *Id*. at 16-17. This evidence goes unchallenged. There is no record support for the conclusion that trial counsel's efforts to mitigate Petitioner's sentencing exposure fell outside the wide range of reasonable professional assistance.